CENTRAL VICTORIA, INC., Plaintiff and Appellant, *v.* JUAN SUÁREZ-PÉREZ, Defendant and Appellee.

No. 4323. Argued November 8, 1927.—Decided November 13, 1928.

*Cay. Coll Cuchí* and *G. Cruzado Silva* for the appellant. *Henry G. Molina* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Central Victoria, Inc., brought an action against Juan Suárez Pérez praying for judgment declaring the existence in favor of the plaintiff of a right of way over a property of the defendant and moved for an injunction pending final judgment in the action restraining the defendant from committing certain acts. The district court issued the writ of injunction after hearing the parties, but was reversed by this court, whereupon, at the instance of the plaintiff, judgment was entered on the withdrawal of the action, with costs. For fixing the amount of the costs the defendant presented a memorandum in which the attorney's fees were put at $1,000 and on objection of the plaintiff to that sum as excessive it was reduced by the court to $400, of which $100 was allowed for the answer to the complaint and the remaining $300 for the proceeding for an injunction *pendente lite*. The plaintiff has taken the present appeal from the order of the court that it should pay that sum.

The only ground alleged for the present appeal is that the lower court erred in allowing $300 for an incident for which no fees of any kind should have been allowed.

The injunction *pendente lite* moved for and obtained by the plaintiff was an incident of the action and therefore as a judgment was rendered by reason of the withdrawal of the principal action with costs, the costs incurred on account of

that incident form a part of the costs of the action. Consequently we can not hold that no fees whatever should be allowed for that incident.

The sum taxed by the lower court for attorney's fees in that incident was not excessive, for it may be said that the preliminary injunction was the real controversy between the parties, to such an extent that our reversal of the injunction order was followed by the withdrawal of the action by the plaintiff-appellant.

The order appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.